## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **KENNETH CREAR.** | ) |
| 2105 Grand Island Court | ) |
| Las Vegas, NV 89117 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.1:23 cv 03812-CJN |
| | ) |
| **AMERICAN AIRLINES GROUP INC.** | ) |
| 1 Skyview Drive | ) |
| Fort Worth TX 76155 | ) |
| | ) |
| Serve: Registered Agent | ) |
| Corporation Service | ) |
| 1090 Vermont Ave., NW | ) |
| Washington, DC. 20005 | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW Plaintiff Kenneth Crear, by and through undersigned counsel, and files this complaint for violation of his civil rights as a commercial passenger on American Airlines Flight 2598, specifically violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000d *et seq.,* and 42 U.S.C. § 2000a *et seq.*

### JURISDICTION

1.  The jurisdiction of this Honorable Court is invoked pursuant to:

    a.  28 U.S.C. § 1331;

    b.  42 USC § 1981;

    c.  42 U.S.C. § 2000d *et seq.*, Title VI of the Civil Rights Act of 1964; and

    d.  42 U.S.C. §§ 2000a to 2000a-6 Title II of the Civil Rights Act of 1964.

## PARTIES

2.  Kenneth Crear ("Crear"), an African-American resident of Las Vegas, Nevada, is a well-established and prominent businessman in the entertainment and other business areas.

3.  Defendant, American Airlines Group, Inc., ("AAGI" or "American Airlines"), located at Skyview Drive, Fort Worth, TX 76155, operates, manages, and/or owns an Airline commonly called American Airlines.

## FACTS COMMON TO ALL CLAIMS

4.  At 12:55 PM on May 6, 2021, Crear, a regular first-class passenger, boarded American Airlines Flight 2598 from Las Vegas to Washington, DC.  He was assigned seat 3B, an aisle seat in the third row of the first-class cabin.

5.  American Airlines has a "zero-tolerance" anti-discrimination policy that [does] not allow or condone disparate treatment of [its] customers due to race, religion, ethnicity, or other discriminating factors.

6.  At all times referenced herein a federally mandated COVID related mask policy was in place. Consistent therewith, American Airlines required all passengers to wear face masks to minimize risks of COVID-19 infections. At all times referenced herein, Crear wore the required face mask.

7.  Seated immediately across from Crear during this flight was a Caucasian male passenger – *with no face mask*. That passenger conversed with his fellow passenger and enjoyed his beverages and the benefits and comfort of the first-class cabin, including pleasant interaction and conversation with the Caucasian flight attendant.

8.  Before takeoff, the flight attendant asked Crear to lift his mask above the tip of his nose. He complied immediately. She said nothing to the nearby unmasked Caucasian

2

passenger.

9.  Sometime later, the flight attendant instructed Crear to lift his mask above the tip of his nose. He complied immediately. Once again, she said nothing to the nearby unmasked passenger.

10. The flight attendant at no time required the Caucasian passenger seated three feet away directly across the aisle to wear a face mask or engaged in any conversation with him about not wearing one.

11. A short time later, both Crear and his maskless neighbor ordered beverages from the Flight Attendant. In the process of receiving and consuming his beverage the flight attendant publicly and loudly chastised Crear: "I am not going to tell you again about the mask!" It was obviously necessary to temporarily pull down his mask to consume his drink.

12. By comparison, as the flight attendant delivered a beverage to and interacted with the Caucasian passenger who was not wearing a mask at all, she said nothing whatsoever to him.  He masklessly continued to enjoy his refreshments, first-class service, and attention without interference.

13. Crear, observing the clear double standard at hand, stated that her tone and rudeness were inappropriate. She replied she would no longer serve him drinks and abruptly snatched the drink previously served from his hands. No words were spoken to his fellow passenger.

14. Crear pointed out to the flight attendant her different treatment of him by comparison to the nearby Caucasian male passenger without any justification whatsoever.  She ignored his remarks and still never said a mumbling word to the Caucasian passenger. Rather, she

spoke in an even louder, rude, and condescending manner which caused him considerable embarrassment and humiliated.

15. Crear asked the flight attendant why she repeatedly berated him about his mask while completely ignoring the Caucasian passenger's blatant violation of Defendant's mask mandate.

16. Crear then recorded the Caucasian man across the aisle from him for a full two minutes as he masklessly relaxed, wrote notes, talked to his companion, and enjoyed his beverage. (See drive.google.com/file/d/13AzjIlGtvXXYM_DQmqQB0rX1ZaEEoVRw)

17. The flight attendant's public chastisement, belittling, and different treatment of Crear, including snatching a beverage out of his hands occurred within full view of nearby passengers in the First-Class section.

18. As the flight landed at the Washington, D.C. Airport, an American Airlines official believe to be a Supervisor, confronted Crear and demanded that he not leave the scene and wait before disembarking.  He complied. While standing there Airline passengers exiting the plane, walked past him, and stared at him suspiciously thereby aggravating his embarrassment and humiliation.

19. When approached, Crear explained the flight attendant reported she "felt threatened," and that additional supervisors were *en route*.  Crear was stunned by this revelation.

20. After 20-25 minutes of effective detention Crear carefully explained the apparent double standard manner in which he was treated and showed airline officials the video recording referenced at paragraph 16. Subject thereto he was released without further questioning. By that time, most, if not all of the passengers on the plane had disembarked.  Moreover, no Defendant representative said a mumbling word of concern or apology to him.

21. Plaintiff asserts *respondeat superior* where appropriate.

22. Defendant's actions were intentional, deliberate, and malicious in nature were ratified by its management which took no corrective or disciplinary action against the flight attendant nor apologize to Crear.

23. There was no apparent reason for Defendant's double standard and hostile treatment singularly of Crear.  But for Crear's race, Defendant and its employee would not have imposed a double standard in (a) the different level of scrutiny applied to Crear versus the nearby white male passenger; (b) the monitoring and enforcement of the federal government mask mandate; (c) the monitoring and enforcement of Defendant's mask mandate; (d) the flight attendant's grabbing of Crear's drink from his hand and corresponding interference with first class service accorded to first class passengers – and thus his enjoyment of the benefits of his contract with Defendant; (e) the flight attendant's aggressive, hostile, and demeaning tone in which she spoke to Crear versus the nearly white male passenger in general as well as regarding the respective mask mandates; (f) the reporting of Crear to Defendant's supervisors (including the pilot of the plane) and/or airport security officials.

24. As the attached video contemporaneously recorded by Plaintiff shows, the fellow white male passenger was treated differently from Plaintiff – pertinent to the applicable mask mandates.

### STATEMENT OF CLAIMS

### COUNT I
### RACIAL DISCRIMINATION
### <u>VIOLATION OF 42 U.S.C. § 1981</u>

25. Paragraphs 1-24 are incorporated as if stated more fully herein.

26. 42 U.S.C. §1981 guarantees equal rights under the law to make and enforce contracts without respect to race to include enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

27. Plaintiff entered into a contractual relationship with American Airlines by purchasing a first-class ticket for American Airlines Flight 2598 from Las Vegas to Washington, DC, which included preferential seating and treatment.

28. Defendant, in violation of its own anti-discrimination policy, intentionally, deliberately, and maliciously subjected Crear to a racially sensitive double standard including but not limited to:

   a. Selective imposition of the airline and federal government's mask mandate by way of brusque demands to Defendant about his face mask, despite the lack of similar enforcement of the mandate for the blatantly unmasked Caucasian passenger seated directly next to Crear;

   b. Rude, disrespectful, and condescending conduct culminating in the denial of certain services generally accorded to first-class passengers;

   c. Exaggerating Crear's expression of concerns about her double standard as "threatening" to Airline authorities and reporting him to supervisors and airline security;

   d. The imposition of public, post-flight detention and interrogation by airline supervisory staff and/or airport security.

29. By virtue of imposing a double standard, Defendant deprived Plaintiff of equal treatment in the enjoyment of his contractual travel arrangement on Defendant's airline and to the full and equal enjoyment of the benefits and privileges thereof in violation of 42 U.S.C. § 1981.

30. There was no impartial or unbiased reason for Defendant's treatment of Plaintiff. Defendant's agents' ratified, validated, and approved actions justify imposition of

punitive damages.

31. But for Plaintiff's race he would not have been subject to the aforementioned double standard in treatment referenced in paragraphs 4-23. As the video herein depicts, Plaintiff's fellow maskless male Caucasian passenger seated directly across from him experienced Defendant's completely different scrutiny, treatment, and enforcement of Defendant's and the federal government's mask mandate.

32. Defendant's actions caused Plaintiff considerable embarrassment, humiliation, shame, and mental anguish.

**COUNT II**
**VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000D *et seq.***

33. Paragraphs 1-32 are incorporated as if stated more fully herein.

34. Plaintiff Crear hereby asserts a violation of Title VI of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000d et seq., which prohibits discrimination based on race, color, and national origin in programs and activities receiving federal financial assistance.

35. Defendant, a recipient of federal financial assistance through various programs, including but not limited to the Coronavirus Aid, Relief, and Economic Security (CARES) Act's Payroll Support Program (PSP), engaged in actions constituting racial discrimination against Crear, as described in paragraphs 1-33.

36. AAGI's flight attendant and supervisory staff imposed a double standard upon Crear regarding passenger scrutiny, treatment and enforcement of the federal government and American Airlines' mask mandates as compared to Plaintiff's similarly situated White male co-passenger.

37. At no time did Defendant properly admonish or discipline the flight attendant including her snatching the drink from Plaintiff's hand, interrupting his departure from the plane, and requiring him to be effectively restrained/detained.

38. Nor did Defendant conduct an objective and impartial investigation of the incident – which would have required direct communication with Plaintiff regarding the manner in which he was treated to ascertain the level and extent of its alleged treatment of Plaintiff. Nor, has it acknowledged to date its wrongdoing in any respect.

39. Defendant's actions violated Title VI of the Civil Rights Act of 1964 and its statutory prohibition against race-based discrimination.

40. Although Plaintiff's counsel notified and complained to AAGI about the manner in which he was treated, Defendant never responded directly to Plaintiff's counsel.

41. But for Plaintiffs' race he would not have been subject to an aforementioned double standard referenced in paragraphs 23 and 28. As the video herein attached depicts, Plaintiff's follow maskless Caucasian passenger experienced completely different scrutiny, treatment, and enforcement.

42. Defendant's actions caused Plaintiff considerable embarrassment, humiliation, shame, and mental anguish.

**COUNT III**

**VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 PUBLIC ACCOMMODATIONS**
**42 U.S.C. § 2000a _et seq._**

43. Paragraphs 1-42 are incorporated as if stated more fully herein.

44. Defendant's actions violated Title II of the Civil Rights Act of 1964, specifically racial discrimination in Public Accommodations as outlined in 42 U.S.C. § 2000a _et seq_. This

statute mandates the full and equal enjoyment of the goods, services, facilities, privileges, and advantages of any place of public accommodation without discrimination based on race, color, religion, or national origin.

45. Defendant's airline which provides public accommodation within the meaning of 42 U.S.C. § 2000a, offers services to the general public and engages in interstate commerce. Defendant is obligated to ensure non-discriminatory treatment of all patrons.

46. Upon information and belief, Defendant's agents prepared an incident report and conducted a purported investigation without speaking to Crear and therefore without reviewing the aforementioned video even though they were aware of its existence.

47. On American Flight 2598 departing from Las Vegas to Washington, DC Crear was denied the full and equal enjoyment of the services offered by Defendant. As described herein.

48. The Caucasian flight attendant, without benefit of any knowledge or history regarding Crear, nevertheless immediately demonstrated hostility toward Crear by her attitude, tone of voice and demeanor.

49. She even berated him while consuming his beverage, for not wearing the mask over his nose, simultaneously snatching his beverage from him, and then reporting that he appeared to be threatening toward her.

50. Defendant's above-described actions denied Plaintiff the full and equal enjoyment of services provided by Defendant, and violated Title II of the Civil Rights Act of 1964.

51. But for Plaintiffs' race he would not have been subject to an aforementioned double standard referenced in paragraphs 23 and 28. As the video herein attached depicts, Plaintiff's follow maskless Caucasian passenger experienced completely different

scrutiny, treatment, and enforcement.

52. Defendant's actions caused Plaintiff considerable embarrassment, humiliation, shame, and mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Crear respectfully seeks a judgment declaring that Defendant violated the above-stated civil rights laws, to wit, Title 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.; and Title II of the Civil Rights Act of 1964 (Public Accommodations); and 42 U.S.C. §§ 2000a to 2000a-6.  Plaintiff also seeks:

1. Compensatory damages in an amount in excess of $1,000,000.00;

2. Punitive damages in an amount in excess of $1,000,000.00;

3. Reasonable costs and attorney's fees; and

4. Such other relief as this court deems necessary and proper.

Respectfully,


*/s/ Donald Temple, Esq.*
DC Bar No. [#408749]
Donald M. Temple, Esq.
DONALD M. TEMPLE, P.C.
1310 L Street, NW
Suite 750
Washington, D.C.  20005
Telephone:  (202) 628-1101
Facsimile:  (202) 628-1149
Email:  dtemplelaw@gmail.com
***Attorney for Plaintiff***


**JURY TRIAL DEMANDED**