## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH CREAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.  1:23-cv-3812** |
| ) | |
| **AMERICAN AIRLINES GROUP INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant American Airlines Group Inc., by counsel, hereby moves to dismiss the Amended Complaint because: (i) this Court lacks personal jurisdiction over Defendant; and (ii) because Plaintiff has failed to allege any of the claims asserted in his pleading.  The grounds for this motion are set forth in the accompanying Memorandum of Support.  Pursuant to Local Rule 7(f), ICF requests an oral hearing for this motion.

Dated: April 5, 2024

Respectfully submitted,

_/s/ Micah E. Ticatch_
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April 2024 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail and first class mail upon the following:

Donald M. Temple, DC Bar No. #408749
DONALD M. TEMPLE, P.C.
1310 L Street, NW
Suite 750
Washington, D.C. 20005
Telephone: (202) 628-1101
Facsimile: (202) 628-1149
Email: dtemplelaw@gmail.com
*Counsel for Plaintiff*

      /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KENNETH CREAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.  1:23-cv-3812** |
| ) | |
| **AMERICAN AIRLINES GROUP INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**AMERICAN AIRLINES GROUP INC.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Micah E. Ticatch, DC Bar No. 1005398
Isler Dare, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

BACKGROUND ............................................................................................... 1

ARGUMENT ..................................................................................................... 2

I.     The Court Lacks Personal Jurisdiction Over Defendant .............................. 2

        A.    Standard of review. ......................................................................... 3

        B.    The Court does not have general jurisdiction because Defendant is not "at home" in the District of Columbia. ......................................... 3

        C.    Because Plaintiff's claims do not arise in the District of Columbia, the Court lacks specific jurisdiction ........................................................ 4

II.    Plaintiff Has Failed to State a Claim Against Defendant. ........................... 5

        A.    Standard of review. ......................................................................... 5

        B.    The Title II claim must be dismissed because an airplane is not a "place of public accommodation." ................................................. 6

        C.    The Title VI claim must be dismissed. .......................................... 7

             1.    Plaintiff cannot state a *respondeat superior* claim under Title VI ............. 7

             2.    Plaintiff was not the intended beneficiary of the federal assistance. ......... 8

             3.    Plaintiff has no cognizable damages under Title VI. .............................. 10

        D.    The Section 1981 claim must be dismissed. .................................. 10

             1.    Plaintiff cannot state a Section 1981 claim based on the flight attendant's Mask Reminders. .............................................................. 11

             2.    Plaintiff cannot state a claim based on the remaining conduct. ................ 13

CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Arthur v. D.C. Hous. Auth.*,
  2020 WL 1821111 (D.D.C. 2020) ........................................................................................ 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 5, 13

*Banks v. Am. Airlines Grp., Inc.*,
  2020 WL 8767725 (C.D. Cal. 2020) ................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 5

*Bristol-Myers Squibb Co. v. Superior Court of California*,
  137 S. Ct. 1773 (2017) ................................................................................................. 2, 4

*Bryan v. Dist. Unemployment Comp. Bd.*,
  342 A.2d 45 (D.C. 1975) ............................................................................................. 1, 4

*Carmi v. Metro. St. Louis Sewer Dist.*,
  620 F.2d 672 (8th Cir. 1980) .......................................................................................... 8

*Cockrum v. Donald J. Trump for President, Inc.*,
  319 F. Supp. 3d 158 (D.D.C. 2018) ................................................................................ 4

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
  140 S. Ct. 1009 (2020) ................................................................................................ 10

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
  596 U.S. 212 (2022) .................................................................................................. 9, 10

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ....................................................................................................... 3

*Davis ex rel. LaShonda D. v. Monroe County Board of Education*,
  526 U.S. 629 (1999) ....................................................................................................... 7

*Doe ex rel. Doe v. St. Joseph's Hosp. of Fort Wayne*,
  788 F.2d 411 (7th Cir. 1986) .......................................................................................... 8

*Doe v. Benoit*,
  2020 WL 11885578 (D.D.C. 2020) ................................................................................. 5

*Frost v. Catholic Univ. of Am.*,
  960 F. Supp. 2d 226 (D.D.C. 2013) ................................................................................ 3

*Gebser v. Lago Vista Independent School District,*
    524 U.S. 274 (1998) .................................................................................. 7

*Huggar v. Nw. Airlines, Inc.,*
    1999 WL 59841 (N.D. Ill. 1999) ............................................................. 7

*Kalantar v. Lufthansa German Airlines,*
    402 F. Supp. 2d 130 (D.D.C. 2005) ........................................................ 6

*Nat'l Ass'n for Advancement of Colored People v. Med. Ctr., Inc.,*
    599 F.2d 1247 (3d Cir. 1979) .................................................................. 8

*Norton v. City of Whiteville,*
    2017 WL 912018 (E.D.N.C. 2017) .......................................................... 8

*Pfister v. Dir., Off. of Workers' Comp. Programs, U. S. Dep't of Lab.,*
    675 F.2d 1314 (D.C. Cir. 1982) .............................................................. 4

*Powell v. Am. Airlines, Inc.,*
    2018 WL 2324087 (D.D.C. 2018) ........................................................... 5

*Rodgers v. Smith,*
    842 F. App'x 929 (5th Cir. 2021) ........................................................ 7, 8

*Schoene v. Spirit Airlines, Inc.,*
    2023 WL 3495832 (D. Or. 2023) ............................................................. 6

*Simpson v. Reynolds Metals Co.,*
    629 F.2d 1226 (7th Cir. 1980) ................................................................ 9

*Thornton v. Nat'l R.R. Passenger Corp.,*
    16 F. Supp. 2d 5 (D.D.C. 1998) ............................................................. 9

*United States v. Cnty. of Maricopa,*
    889 F.3d 648 (9th Cir. 2018) .................................................................. 7

*Walden v. Fiore,*
    571 U.S. 277, 284 (2014) ........................................................................ 4

*Williams v. Romarm, SA,*
    756 F.3d 777 (D.C. Cir. 2014) ................................................................ 3

*Williamson v. McKinney,*
    1988 WL 129807 (D.D.C. 1988) ............................................................. 5

*Xingru Lin v. D.C.,*
    2019 WL 1597876 (D.D.C. 2019) ........................................................... 9

*Yi Tai Shao v. Roberts*,
  2019 WL 249855 (D.D.C. 2019) ........................................................................ 2

**<u>Statutes</u>**

15 U.S.C. § 9072 .......................................................................................................... 9

42 U.S.C. § 1981 ....................................................................................... 2, 10, 12, 13

42 U.S.C. § 2000a ........................................................................................................ 6

42 U.S.C. § 2000d ........................................................................................................ 7

**<u>Rules</u>**

Rule 12(b)(2) ............................................................................................................... 3

Rule 12(b)(6) ............................................................................................................... 5

**<u>Regulations</u>**

86 FR 8025 - 8030 (Feb. 1, 2021) ........................................................................ 1, 11

Defendant American Airlines Group Inc. submits this Memorandum in Support of its Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, each of Plaintiff's claims asserted in his Amended Complaint for Violation of Civil Rights (Dkt. 5) ("Amended Complaint") should be dismissed.

## BACKGROUND[1]

Defendant American Airlines Group Inc. ("AAG") is a holding company that owns, among other things, American Airlines, Inc. ("American Airlines"). (Exhibit A (Declaration of Develyn Singleton), ¶ 3.) American Airlines is primarily in the business of providing passenger air transportation. (*Id.*) Both Defendant and American Airlines are Delaware corporations with their principal places of business in Fort Worth, Texas. (*Id.* ¶ 4.)

On May 6, 2021, Plaintiff Kenneth Crear was a passenger on American Airlines' Flight 2598. (Amended Complaint ¶ 4.) That flight flew from Henry Reid International Airport (LAS) to Ronald Reagan National Airport (DCA). (Exhibit A, ¶ 6.) National Airport is not located in the District of Columbia, but rather in the Commonwealth of Virginia. *E.g., Bryan v. Dist. Unemployment Comp. Bd.*, 342 A.2d 45, 47 (D.C. 1975).

At the time of the above flight, federal regulations required airline passengers to wear face masks on passenger flights. (*See* Amended Complaint ¶ 6.) Those regulations also required airline personnel to monitor passengers and remind passengers who were not complying with the regulation of their obligations. *See* 86 FR 8025 - 8030 (Feb. 1, 2021).

---

[1] In light of the standard of a motion to dismiss, this section presents the facts as alleged in the Amended Complaint and as supplemented by Defendant's Declaration of Develyn Singleton. Defendant vigorously disputes the accuracy of the allegations in the Amended Complaint.

During Plaintiff's flight, a flight attendant saw him with his face mask in the wrong position on three separate occasions.  (*See* Amended Complaint ¶¶ 8, 9, 11.)  Each time the flight attendant reminded Plaintiff of his need to fix the mask (the "Mask Reminders").  (*See id.*)

Plaintiff believed that the flight attendant should have provided a similar mask reminder to another passenger on the flight.  (*Id.* ¶ 7.)  Plaintiff alleges that the flight attendant did not do so because the other passenger was Caucasian, whereas Plaintiff is African American.  (*See id.*)  Plaintiff alleges no additional facts to support this allegation other than his own perception.

Following the third Mask Reminder, Plaintiff took umbrage with the flight attendants' instruction and Plaintiff engaged in a verbal altercation with the flight attendant,  criticizing her tone as inappropriate and of her being rude.  (*See id*. ¶ 13.)  Thereafter, the flight attendant made the decision to stop serving Plaintiff with additional alcoholic drinks.  (*See id.*)  At the end of the flight, Plaintiff was asked not to fully deplane with the rest of the passengers and, instead, wait to speak with an American Airlines' representative regarding his conduct on the flight.  (*See id.* ¶¶ 18-20.)  After that conversation was complete, Plaintiff was permitted to disembark and he experienced no further consequences.  (*Id.*)

Based on these events, Plaintiff has asserted claims against Defendant under 42 U.S.C. § 1981 ("Section 1981"), as well as Titles II and VI of the Civil Rights Act of 1964.  As explained below, each of those claims should be dismissed for both procedural and substantive reasons.

## ARGUMENT

### I.    The Court Lacks Personal Jurisdiction Over Defendant.

In order to exercise personal jurisdiction over a defendant, the Court must have either general ("all purpose") jurisdiction or specific ("case-linked") jurisdiction.  *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017); *Yi Tai Shao v.*

*Roberts*, 2019 WL 249855, at *6 (D.D.C. 2019).  Because, as explained in more detail below, this Court has neither, the claims against Defendant must be dismissed.

> **A.      Standard of review.**

When a defendant objects to a court's personal jurisdiction under Rule 12(b)(2), the plaintiff, not the defendant, bears the "burden of establishing a factual basis for the court's exercise of personal jurisdiction."  *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014).  On a motion contesting personal jurisdiction, "the Court need not confine itself to only the allegations in the complaint, but may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Frost v. Catholic Univ. of Am.*, 960 F. Supp. 2d 226, 231 (D.D.C. 2013), *aff'd*, 555 F. App'x 6 (D.C. Cir. 2014).

> **B.      The Court does not have general jurisdiction because Defendant is not "at home" in the District of Columbia.**

When a court has general jurisdiction over a defendant, a plaintiff can properly assert any lawsuit against the defendant in that forum.  This extensive power, however, is limited only to those courts in the forums where a defendant is said to be "at home."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  The Supreme Court has held that, outside extraordinary circumstances, a corporate entity is at home only in the jurisdiction in which it is incorporated or where it has its principal place of business.  *See id.* at 137-138.

Defendant is a Delaware corporation, with its principal place of business in Fort Worth, Texas.  (Exhibit A, §¶ 4; Amended Complaint ¶ 3.)  Consequently, this Court lacks general jurisdiction over Defendant.

**C.      Because Plaintiff's claims do not arise in the District of Columbia, the Court lacks specific jurisdiction.**

When a court lacks general jurisdiction, it can still exercise specific jurisdiction over a claim, but Constitutional Due Process limits such jurisdiction to only those instances where there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Meyers*, 137 S. Ct. at 1781. Furthermore, to establish jurisdiction, the suit-related activity or occurrence must represent a "substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). A connection that is only tangential to the claim does not create jurisdiction. *See id.* at 288-289.

Because Plaintiff bears the burden, he is required to plead sufficient facts in his complaint to establish that each of his claims is sufficiently connected to the District of Columbia to establish specific jurisdiction. *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018). Plaintiff has not met that burden. To start with, the Amended Complaint fails to even attempt to explain the basis for asserting personal jurisdiction over Defendant. (*See* Amended Complaint ¶ 1 (listing only statutes related to subject matter jurisdiction in "Jurisdiction" section of the pleading).)

Moreover, the only possible connection alleged in the Amended Complaint that relates to the District is Plaintiff's allegation that the flight in question "landed at the Washington, D.C. Airport" where Plaintiff was allegedly required to speak with an American Airlines supervisor regarding his conduct. (*See* Amended Complaint ¶¶ 18-20.)

However, as noted above, Flight 2598 landed at Ronald Reagan Washington National Airport. (Exhibit A, ¶ 6.) It is beyond dispute that "Washington National Airport is within the boundaries of the Commonwealth of Virginia and not within those of the District of Columbia." *Bryan v. Dist. Unemployment Comp. Bd.*, 342 A.2d 45, 47 (D.C. 1975); *see also, e.g., Pfister v.*

4

*Dir., Off. of Workers' Comp. Programs, U. S. Dep't of Lab.*, 675 F.2d 1314, 1315 (D.C. Cir. 1982); *Powell v. Am. Airlines, Inc.*, 2018 WL 2324087, at \*2 (D.D.C. 2018) ("Although National Airport primarily serves Washington, D.C., it is located in the Commonwealth of Virginia."); *Doe v. Benoit*, 2020 WL 11885578, at \*5 (D.D.C. 2020).

Obviously, since National Airport is not located in the District, any conduct that took place at that airport does not support a claim of jurisdiction by this Court.  *See, e.g., Williamson v. McKinney*, 1988 WL 129807, at \*2 (D.D.C. 1988) (claim lacked jurisdiction in D.C. because, among other things, "the only allegedly tortious act occurred at National Airport in Virginia.").

Other than the acts that took place at National Airport in Virginia, there is no other alleged connection to D.C. in the Amended Complaint.  Consequently, Plaintiff cannot establish specific jurisdiction.

Because there is neither general nor specific jurisdiction, the Court should dismiss the Amended Complaint for lack of personal jurisdiction.

## II.   Plaintiff Has Failed to State a Claim Against Defendant.

Even if Plaintiff could establish personal jurisdiction against Defendant, his Amended Complaint should be dismissed because he has failed to sufficiently state any of the three claims asserted against Defendant.

### A.   Standard of review.

On a motion to dismiss under Rule 12(b)(6), the Court determines whether the complaint contains sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations "must be enough to raise a right to relief above the speculative level."  *Id*. The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  It requires the plaintiff to articulate sufficient facts to "show" that the plaintiff has the "plausibility of entitlement to relief." *Id.*

      **B.**     **The Title II claim must be dismissed because an airplane is not a "place of public accommodation."**

In Count III of the Amended Complaint, Plaintiff alleges a violation of Title II of the Civil Rights Act of 1964 related to his alleged treatment on American Airlines Flight 2598.  That statute, however, only regulates discrimination that occurs in a "place of public accommodation, as defined in this section."  42 U.S.C. § 2000a(a).  The sections definition of place of public accommodation is limited to the following:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

Transportation on an airplane by a commercial airliner is clearly not one of the categories included in the above definition of place of accommodation.  In fact, as Judge Kennedy of this Court previously stated, "[a]mong the four categories of places of public accommodation provided by Title II . . . none even remotely resembles an airline, or indeed any other vehicle or mode of

transportation." *Kalantar v. Lufthansa German Airlines*, 402 F. Supp. 2d 130, 139 (D.D.C. 2005) (emphasis added).

Because an airplane is not a public place of accommodation under the statute's definition, Plaintiff's claim in Count III for a Title II violation must be dismissed with prejudice.  *See, e.g., id.*; *Schoene v. Spirit Airlines, Inc.*, 2023 WL 3495832, at *10 (D. Or. 2023); *Banks v. Am. Airlines Grp., Inc.*, 2020 WL 8767725, at *3 (C.D. Cal. 2020); *Huggar v. Nw. Airlines, Inc.*, 1999 WL 59841, at *3 (N.D. Ill. 1999).

### C.      The Title VI claim must be dismissed.

In Count II of the Amended Complaint, Plaintiff asserts a claim under Title VI of the Civil Rights Act.  Title VI states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

Plaintiff's claim fails for at least three independent reasons: (1) Plaintiff cannot hold Defendant liable for the actions of an American Airlines flight attendant under Title VI; (2) Plaintiff was not the intended beneficiary of the federal assistance claimed in the Amended Complaint; and (3) Plaintiff has not identified any damages in the Amended Complaint that could be recovered under Title VI.

### 1.      Plaintiff cannot state a *respondeat superior* claim under Title VI.

Under Title VI "an entity's liability is limited to the entity's own misconduct."  *United States v. Cnty. of Maricopa*, 889 F.3d 648, 652 (9th Cir. 2018) (citing *Davis ex rel. LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629, 640 (1999); *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 285 (1998)).

That means "entities cannot be vicariously liable on a *respondeat superior* theory under Title VI." *Arthur v. D.C. Hous. Auth.*, 2020 WL 1821111, at *11 (D.D.C. 2020) (citing *Maricopa*, 889 F.3d at 652); *see also Rodgers v. Smith*, 842 F. App'x 929 (5th Cir. 2021) ("Title VI allows neither personal liability claims against individuals nor vicarious liability claims against employers for the acts of their employees.").

Plaintiff's claim is premised entirely on the conduct of an American Airlines flight attendant, who allegedly imposed a "double standard" on him during a cross country flight. (*See* Amended Complaint ¶ 13.) Plaintiff's apparent attempt to hold Defendant, a corporate holding company, liable for the actions of a subsidiaries' flight attendant is the epitome of a disallowed *respondeat superior* claim. (*See also id.* ¶ 21 ("Plaintiff asserts *respondeat superior* where appropriate.").)

Moreover, Plaintiff does not, and cannot, allege any entity level policy of discrimination. In fact, Plaintiff alleges the precise opposite — that "American Airlines has a 'zero-tolerance' anti-discrimination policy." (*Id.* ¶ 5.) Consequently, Plaintiff has failed to allege sufficient facts to state a Title VI claim against Defendant.

Because Title VI does not permit a claim based on the acts of an entity's agents, Plaintiff's Title VI claim must be dismissed with prejudice. *Rodgers*, 842 F. App'x at 929.

    2.   <u>Plaintiff was not the intended beneficiary of the federal assistance.</u>

Because Title VI only applies to a "program or activity receiving federal assistance," a number of courts have held that a plaintiff can only assert a claim if he can first demonstrate that he was an "intended beneficiary" of the federal assistance. *E.g., Doe ex rel. Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 419–20 (7th Cir. 1986), overruled on other grounds by *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487 (7th Cir. 1996); *Carmi v. Metro. St. Louis*

*Sewer Dist.*, 620 F.2d 672, 674 (8th Cir. 1980), abrogated on other grounds by *Consol. Rail Corp.*

*v. Darrone*, 465 U.S. 624 (1984); *Nat'l Ass'n for Advancement of Colored People v. Med. Ctr.,*

*Inc.*, 599 F.2d 1247, 1252 (3d Cir. 1979); *Norton v. City of Whiteville*, 2017 WL 912018, at *5

(E.D.N.C. 2017).

This makes sense as Congress likely did not intend complex commercial entities to be

covered by Title VI in all of their commercial interactions merely because those entities may have

taken a small amount of aid in one discrete part of its organization.  *See, e.g., Simpson v. Reynolds*

*Metals Co*., 629 F.2d 1226, 1235 (7th Cir. 1980).

Although the D.C. Circuit has not had an occasion to formally rule on the applicability of

this standard, on at least two occasions courts in this District have applied the "intended

beneficiary" rule without expressly adopting it.  *See, Thornton v. Nat'l R.R. Passenger Corp.*, 16

F. Supp. 2d 5, 7 (D.D.C. 1998); *Xingru Lin v. D.C.*, 2019 WL 1597876, at *17 (D.D.C. 2019).

Because the "intended beneficiary" rule represents the likely intention of Congress in enacting

Title VI, it should be explicitly adopted and applied in this matter.

In this case, Plaintiff has alleged that Defendant is liable under Title VI because it received

federal financial assistance through the "Coronavirus Aid, Relief, and Economic Security

(CARES) Act's Payroll Support Program."  (Amended Complaint ¶ 35.)  That allegation appears

to be a reference to 15 U.S.C. § 9072, *et. seq.*, which provided funds to air carriers "to preserve

aviation jobs and compensate air carrier industry workers."  It is, therefore, clear that the purpose

of that statute was to help *employees* of the air carriers maintain their positions.  The funding was

not concerned with passengers, like the Plaintiff. He was, therefore, not an intended beneficiary.

Because Plaintiff was not an intended beneficiary of the CARES funds, his Title VI claim

should be dismissed with prejudice.

     3.     <u>Plaintiff has no cognizable damages under Title VI.</u>

The Supreme Court has recently clarified that in claims based on statutes arising under the Spending Clause of the Constitution, such as Title VI, a plaintiff can only recover damages that would ordinarily be available under contract law. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 220 (2022).  Consequently, a Title VI plaintiff cannot recover punitive damages or damages for emotional distress.  *See id.* at 222, 230.

As best as can be discerned, Plaintiff is not seeking any relief other than an award for punitive and emotional distress damages.  (*See* Amended Complaint ¶¶ 14, 18, Prayer for Relief.) Because the Court cannot award such relief to Plaintiff under Title VI, the claim should be dismissed with prejudice.

**D.    The Section 1981 claim must be dismissed.**

Plaintiff's remaining claim is under 42 U.S.C. § 1981, which among other things, guarantees people regardless of race the right to "make and enforce contracts."  That term is defined in the statute as follows:

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(b).

Among other requirements, in order to state a claim under Section 1981, a plaintiff must plead sufficient facts to plausibly establish that "but for race, [he] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).  For the reasons explained below, Plaintiff cannot meet this standard.

      1.      <u>Plaintiff cannot state a Section 1981 claim based on the flight attendant's Mask Reminders.</u>

As noted in the Amended Complaint, during the time of Plaintiff's flight, federal regulations required airlines to enforce a mask mandate on its passengers. (*See* Amended Complaint ¶ 6.) Among other things, the regulations stated as follows:

> (1) <u>Persons must wear masks over the mouth and nose</u> when traveling on conveyances into and within the United States. Persons must also wear masks at transportation hubs as defined in this Order.

> (2) A conveyance operator transporting persons into and within the United States must require all persons onboard <u>to wear masks for the duration of travel</u>. . .

> (4) Conveyance operators must use best efforts to ensure that any person on the conveyance wears a mask when boarding, disembarking, and for the duration of travel. Best efforts include:

> > Boarding only those persons who wear masks;

> > instructing persons that Federal law requires wearing a mask on the conveyance and failure to comply constitutes a violation of Federal law;

> > <u>monitoring persons onboard the conveyance for anyone who is not wearing a mask and seeking compliance from such persons;</u>

> > at the earliest opportunity, disembarking any person who refuses to comply; and

> > providing persons with prominent and adequate notice to facilitate awareness and compliance of the requirement of this Order to wear a mask; best practices may include, if feasible, advance notifications on digital platforms, such as on apps, websites, or email; posted signage in multiple languages with illustrations; printing the requirement on transit tickets; or other methods as appropriate.

86 FR 8025 - 8030, at 8026-8027 (Feb. 1, 2021) (emphasis added).

In sum, the federal regulations required passengers to wear masks over their mouth and nose for the duration of the flight, and for flight attendants to monitor passengers and "seek compliance" from anyone in violation of that requirement during the flight. This regulation went

into effect on February 1, 2021, over three months before Mr. Crear's flight, meaning he should have anticipated that the services on his flight would be consistent with the regulation.

According to the Amended Complaint, before takeoff, the flight attendant needed to remind Plaintiff to place his mask over his nose.  (*See* Amended Complaint ¶ 8.)  Plaintiff alleges that he "complied immediately."  (*Id.*)  The allegation that he "complied" after the flight attendant's instruction implicitly acknowledges that Plaintiff was *not* in compliance with the federal regulations before the flight attendant's reminder.

Plaintiff further alleges that "[s]ometime later, flight attendant [sic] instructed Crear to lift his mask above the tip of his nose.  He complied immediately."  (*Id.* ¶ 9.)  Thus, Plaintiff acknowledges for a second time he was out of compliance with the federal regulation, and the flight attendant properly corrected him.

After that, "[a] short time later" the flight attendant "chastised" Plaintiff for again not having his mask on.  (*Id.* ¶ 11.)  Again, Plaintiff acknowledges he did not have a mask on that time either — although he claims that in the third instance his mask was off because he had been consuming a drink.  (*Id.*)

Because the American Airlines' flight attendant was *required* by Federal regulations to monitor and seek compliance for passenger's mask wearing, all of three of her Mask Reminders to Plaintiff was conduct required in the performance of Plaintiff's contract with American Airlines. Therefore, it cannot constitute a violation of Section 1981.  Moreover, because of the existence of the federal regulations, the flight attendant's mask reminders were to be expected and her conduct conforms to how Plaintiff should have anticipated being treated on any airline in the country at that time.  Plaintiff cannot plausibly claim that Section 1981 required American Airlines to treat

him in a manner that would violate federal regulations.[2]  As such, he has failed to state a claim based on the Mask Reminders.

### 2.   Plaintiff cannot state a claim based on the remaining conduct.

Following the Mask Reminders, Plaintiff alleges that he got into a verbal altercation with the flight attendant in which he criticized "her tone and rudeness" as "inappropriate". (Amended Complaint ¶ 13.)  In response to this altercation, the flight attendant stopped serving Plaintiff alcoholic drinks and reported Plaintiff's conduct as threatening to American Airlines.  (*See id.*, ¶¶ 13, 19.)  Upon landing, Plaintiff was held back when other passengers deplaned so an American Airlines supervisor could discuss what happened during the flight.  (*See id.,* ¶¶ 18-20.)  Following a conversation with an American Airlines representative, Plaintiff left the airport without further consequence.  (*See id.,* ¶ 20.)

Plaintiff has not alleged sufficient facts to plausibly demonstrate that race was the "but for" cause of either the withdraw of alcohol service or being held back to have a conversation with another American Airlines employee.  The Supreme Court has made clear that a plaintiff fails to state a claim for discrimination when there is an "obvious alternative explanation" for the defendant's conduct other than race.  *See Iqbal*, 555 U.S. at 682.  In this case, Plaintiff's verbal altercation with, and criticism of, the flight attendant is the obvious explanation for both the withdrawal of alcohol service and the holding back of Plaintiff for a conversation after landing.

Plaintiff does not (and cannot) allege that any other passenger of a different race got into a dispute with the flight attendant and were subject to different treatment.  In fact, Plaintiff offers no

---

[2] As best as can be discerned, Plaintiff's actual issue appears to be the allegation that the flight attendant did not properly perform its contract with regard to the other Caucasian passenger.  But even assuming the accuracy of this allegation, the fact that American Airlines failed to correctly perform with regard to another passenger does not give Plaintiff standing to bring a claim under Section 1981 for treating him in a manner required by federal law.

allegations at all that would support a claim that if he had gotten into the same verbal altercation with the flight attendant, but was of a different race, he would have been subject to treatment that differed from the above.  Consequently, Plaintiff has failed to state a Section 1981 claim.

## **CONCLUSION**

As stated above, Plaintiff's Amended Complaint should be dismissed because this Court lacks personal jurisdiction over Defendant.  Furthermore, even if the Court had such jurisdiction, the Amended Complaint should still be dismissed in its entirety because it fails to state a claim.

Dated: April 5, 2024

Respectfully submitted,

_____/s/ Micah E. Ticatch_____
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April 2024 I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via

electronic mail and first class mail upon the following:

> Donald M. Temple, DC Bar No. #408749
> DONALD M. TEMPLE, P.C.
> 1310 L Street, NW
> Suite 750
> Washington, D.C. 20005
> Telephone: (202) 628-1101
> Facsimile: (202) 628-1149
> Email: dtemplelaw@gmail.com
> *Counsel for Plaintiff*

> _____/s/ Micah E. Ticatch_____
> Micah E. Ticatch, DC Bar No. 1005398
> ISLER DARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> (703) 748-2690
> (703) 748-2695 (fax)
> mticatch@islerdare.com
>
> *Counsel for American Airlines Group, Inc.*