## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH CREAR,               )
Plaintiff,                  )
                           )
              v.        )  Case No. 1:23-cv-3812
                           )
                           )
AMERICAN AIRLINES GROUP INC.,   )
Defendant.               )
                           )
_____   )

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now Plaintiff, by and through undersigned counsel, and file this Memorandum of Law in Opposition to Defendant's Motion for Dismissal, and states as follows:

## I.    INTRODUCTION

Defendant has filed a relatively fact intense motion to dismiss Plaintiff's substantive discrimination claims. In so doing, Defendant attacks this court's jurisdiction ultimately asking this court to dismiss his claims as a matter of law for lack of jurisdiction and failure to state a claim.  Plaintiff, a resident of Las Vegas, travelled like hundreds of thousands oof other passengers directly to Washington, D.C.by way of Ronald Reagan Airport and American Airlines. According to the Airport's public statement about its governance, by way of Judicial Notice this court should note The Metropolitan Washington Airports Authority (MWAA) is a public body politic and corporate, created with the consent of the Congress of the United States by the District of Columbia Regional Airports Authority Act of 1985, as amended, and Ch. 598, Virginia Acts of Assembly of 1985, as amended. The purpose of this entity is to plan, provide and actively manage world class access to the global aviation system in a way that anticipates and serves the needs of the National

1

Capital area, which includes Washington, D.C.  The Authority's mission is 'to develop, promote, and operate safely Reagan National and Dulles International airports, continually striving to improve OUR efficiency, customer orientation, and the level of air service offered at National and Dulles.  The Metropolitan Washington Airports Authority is governed by a 17-member <u>Board of Directors</u> appointed by the Governors of Virginia and Maryland, the Mayor of Washington, D.C., and the President of the United States.

Against this backdrop, Defendant American Airlines, which routinely accommodates passengers to and from the Nation's capital, argues that it has no jurisdictional connection to the District of Columbia for general and specific jurisdiction purposes, and that Plaintiff's substantive claims are meritless. [1]

For reasons discussed more fully below Defendant's Motion should be DENIED in its entirety for legal reasons and because it is arguably premature.

## II.    STANDARD OF REVIEW

It is well established that at the motion to dismiss stage, a trial court must accept all facts asserted in the Complaint as true. *See Erickson v. Pradus*, 551 U.S. 89, 93 (2007) ("…[w]hen ruling on a defendant's motion to dismiss, a judge *must accept as true* all of the factual allegations contained in the complaint.") (emphasis added).  *See also, Bell Atlantic Corp. v. Twombley*, 544, 555 (2007); *Dorsey v. American Express Co.*, 499 F. Supp. 2d 1, 2 (D.D.C. 2007). As was made clear by the D.C. Circuit Court of Appeals, "A complaint is to be "construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.

---

[1]/ American Airlines operates a national lobbying office in the District of Columbia at 1200 17th Street, NW, and engages in direct lobbying of Congressional and locals and Airport officials. The nature and extent of its office's activities are an undiscovered issue.

Cir. 1994). *See also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000); *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997).

All factual doubts must be resolved, and all inferences made in favor of the plaintiff. *Tele-Communications of Key West, Inc. v. United States,* 757 F.2d 1330, 1334-35 (D.C. Cir. 1985). Further, disposition must be made based on the face of the complaint and matters of general public record only. *See id.; Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C. Cir. 1979). Thus, the Court must reject any effort by Defendant to either ignore facts asserted in the Complaint, or to contradict such facts to support its argument to dismiss a claim.

### III.   ARGUMENT

A.  The court enjoys Jurisdiction over the immediate case.[2]

Defendants, citing *Daimler* argue that no basis exists upon which to establish Defendant's principal place of business in the District of Columbia, given its Delaware based incorporation and Texas based national corporate office. However, Defendant does not address the jurisdictional significance of its National Lobbying office in the District of Columbia which exclusively controls through its national office the Airlines' policies and legislative agenda and interests.

General jurisdiction applies regardless of the nature of the claim, but it is only available based on "a limited set of affiliations with a forum." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), quoting *Goodyear*, 564 U.S. at 923-925. A court may have general jurisdiction over a corporation when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 139, quoting *Goodyear*, 564 U.S. at 924. The

___

[2] / Simultaneously Plaintiff is filing a motion for leave to file a Second Amended Complaint to more clearly state his factual allegations and legal claims, while effectively centralizing his discrimination claim in a single 42 USC Section 1981 claim.

possible forums in which a corporation can be found "at home" are the "place of incorporation and principal place of business." *Id.* at 137. "A federal court normally looks . . . to the long-arm statute of the State in which it sits to determine whether" exercise of personal jurisdiction is warranted. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 105 (1987). Consistent with the *Daimler* standard, the District of Columbia Code provides for the exercise of general jurisdiction over a corporation that is "organized under the laws of" or maintains "its principal place of business in" the District. D.C. Code § 13-422. *Aletum v. Mashpoint LLC*, Civil Action 21-2179 (ABJ), at *3 (D.D.C. Feb. 10, 2023)

The second type of jurisdiction - specific jurisdiction - "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (citation omitted). To establish specific personal jurisdiction over a non-resident, "a court must engage in a two-part inquiry." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, the Court must examine whether jurisdiction is applicable under the state's long-arm statute. *Id.* If it is, the Court must then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. *Id.*, citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).

The District of Columbia's long-arm statute provides:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other

persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

(7) marital or parent and child relationship in the District of Columbia[.]

D.C. Code § 13-423(a).

Even when the long-arm statute has been satisfied, a plaintiff must still show that the exercise of personal jurisdiction is within the permissible bounds of the due process clause. *Ferrara*, 54 F.3d at 828. The due process clause of the Constitution requires that before a defendant outside the forum state may be subject to suit, it must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted); *GTE New Media*, 199 F.3d at 1347. In the immediate case, Plaintiff asserts that he travelled from Las Vegas to Washington, D.C. ("D.C") which inference made in his favor should show that he travelled to the District of Columbia and the ensuing injury occurred immediately following his travel to the District.

Under the District's long arm statute, Defendant's reservations and sale of airline tickets to persons traveling to and from the District, including multitudes of D.C. residents demonstrate that it transacts business in the District, and further caused tortious injury to Plaintiff as he travelled to and from D.C. by an action at the Ronald Reagan Airport given Defendant's regular engagement of business and/or business solicitations via its persistent course of business conduct, or deriving of substantial revenue from services rendered in D.C.

Under the "minimum contacts" standard, courts must insure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A defendant's contacts must be "with the forum State itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citations omitted).*Aletum v. Mashpoint LLC*, Civil Action 21-2179 (ABJ), at *4-5 (D.D.C. Feb. 10, 2023). The Airline's conduct and actions implicate its purposeful availment, to wit, by choosing to fly into National Airport in Virginia, which serves the Washington, D.C. metropolitan area, Defendant American Airlines purposefully availed itself of the benefits and protections of the laws of the District of Columbia. Though physical presence in the state is not required, *see Burger King Corp. v. Rudzewicz* , 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the defendant's contacts must "have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' " *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.* , 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King* , 471 U.S. at 475, 105 S.Ct. 2174 ). In other words, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson* , 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *Copier v. Litig. Logistics, Inc.*, 394 F. Supp. 3d 80, 90-91 (D.D.C. 2019)

Entering into a contract "to be performed, in whole or in part, in [the District of Columbia]," has often been held to constitute the purposeful availment necessary to establish "minimum contacts" with the forum. *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.* , 638 F. Supp. 2d 1, 7 & n.4 (D.D.C. 2009); *see also Schwartz v. CDI Japan, Ltd.* , 938 F. Supp. 1, 6 (D.D.C. 1996) ("Where a non-resident has solicited the business relationship and the contract calls for the

performance of work within the District [of Columbia], the court may find that the transaction has such a substantial connection with the District such that the exercise of personal jurisdiction is permissible."). And that makes sense, because the touchstone of personal jurisdiction is the reasonable expectation that a person might be sued in a particular forum. *SeeBurger King* , 471 U.S. at 474, 105 S.Ct. 2174 ; *see also World-Wide Volkswagen* , 444 U.S. at 297, 100 S.Ct. 580 ("The Due Process Clause ... gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."). When parties negotiate a contract where performance is to occur in a particular forum, they harbor that expectation. *Copier v. Litig. Logistics, Inc.*, 394 F. Supp. 3d 80, 91 (D.D.C. 2019).

The business contract at issue involves the thousands of transactions in D.C. involving flights across the nation. "Doing business" has been defined as "any continuing corporate presence in the forum state directed at advancing the corporation's objectives." *Price v. Griffin,* 359 A.2d 582, 586 (D.C. App. 1976.)" *Ramamurti v. Rolls-Royce Ltd.*, 454 F. Supp. 407, 409 (D.D.C. 1978). Defendant's sales definitively advance its corporate objectives.

Additionally, the presence of its National Lobbying office in the District, may involve lobbying and other activities with other than federal government and congressional entities. This issue may be further ascertained in a jurisdictional discovery effort.  Based upon applicable law, this court enjoys specific jurisdiction over the immediate case or discovery should be conducted to allow a further assessment of American Airlines' contacts with DC.

B.  Plaintiff has sufficiently asserted a $2 USC 1981 Claim.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *21 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. Supra,* at 555-556, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *22 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))"

Defendant's argument to dismiss Plaintiff's Section 1981 claim does not argue that Plaintiff's claims are conclusive, implausible, make legal conclusions, defy a realistic discriminatory context, or thusly fail to meet the applicable *Igbal Twombly* standard. Nor does it argue persuasively that Plaintiff did not satisfy his Section 1981 burden. The language of the §1981 statute defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." §1981(b).  That encompassing definition ensures that §1981 "applies to all phases and incidents of the contractual relationship." *Rivers v. Roadway Express,* Inc., 511 U. S. 298, 302 (1994).  See also H. R. Rep. No. 102–40, 3 Cite as: 589 U. S. ____ (2020) Opinion of GINSBURG, J. pt. 2, p. 37 (1991) ("The Committee intends this provision to bar all racial discrimination in contracts.  This list is intended to be illustrative and not exhaustive.").  In

line with the rest of the definition, the word "making" is most sensibly read to capture the entire process by which the contract is formed. American Heritage Dictionary 1086 (3d ed. 1992) ("The process of coming into being"); 9 Oxford English Dictionary 250 (2d ed. 1989) ("the process of being made").

Additionally, Plaintiff's complaint carefully articulates its but for causation.  Defendant on the other hand subjectively interprets Plaintiff's factual assertions counter-intuitively to the protections rooted in 42 USC Section 1981 and the asserted double standard regarding the very application and enforcement procedures outlined by Defendant in the applicable mask mandate. Siding 86FR. 803. Against this backdrop, Defendant ignores the alleged, blatant, selective non-application of these very specific requirements to Plaintiff's fellow white passenger.   Its motion does little in the context of a 12(b)(6) motion to demonstrate specific pleading failures and refutation of Plaintiff's video recording referenced paragraph 16 of Plaintiff's complaint.

Nor does Defendant's motion refute the elements of 42 USC section 1981.  Absent citation to a single case in support of its argument and absent discovery, Defendant seeks to justify inferences sharply in favor of the moving versus non-moving party, and minimize the clearly demonstrated, inescapable and punitive double standard at hand as a matter of law.  It's arguments, better suited for summary judgment, cannot refute Plaintiff's asserted double standard pertinent to the enjoyment of the benefit of Plaintiff's first-class treatment on Defendant's flight.  This includes repeated hostile communication, false allegations, restriction of beverage enjoyment, the reporting that he "threatened" or created a threatening perception, culminating in a required public embarrassing and humiliating detention.   Defendant, for example, states the plaintiff was "held back" without explaining the reason why, which neither side can state as a matter of law at this stage of the litigation. Plaintiff only knows that Defendant's employee made certain yet known

representations to American Airlines authorities which record is presumably documented in an appropriate yet discovered incident report.

Contrary to Defendant, as a matter of law there is no "obvious alternative explanation "that explains in a plausible fashion, with inferences in Plaintiff's favor, the manner in which Defendant comparably treated Plaintiff. The factual allegations here do not demonstrate Defendant treated plaintiff in a manner in accordance with the law in the same manner as it did his fellow passenger, without charges or accusations of violating the law. Selective application enforcement of the mask mandate allegedly based on race is not protected behavior. As alleged, Plaintiff was treated differently in a multitude of respects than his fellow white passenger, who can be seen in the video absolutely violating the applicable mask mandate.

### C.   Additional Personal Jurisdictional Discovery May Be Required.

To the extent that Defendant denies that American Airlines lacks a substantial business connection to DC or has not availed itself of this court's jurisdiction, Plaintiff urges this court to grant Plaintiff an opportunity to conduct jurisdictional discovery. A plaintiff need only have a "good faith belief" that "reasonable discovery" could "supplement . . . jurisdictional allegations . . .." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C. Cir. 1998) ("good faith belief"); Second Amend. *Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 525 (D.C. Cir. 2001) (citation omitted) ("reasonable discovery"); *GTE New Media Servs. Inc.*, 199 F.3d at 1351 ("supplement . . . jurisdictional allegations"); see also *Urquhart-Bradley v. Mobley,* 964 F.3d 36, 48 (D.C. Cir. 2020) (citation and internal quotation marks omitted) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.").  Defendant, a Fortune 500 corporation, surely does substantial business with District of Columbia citizens and businesses, which if necessary, should be discovered.

D.  Should this court determine that it lacks jurisdiction, Plaintiff would urge the court to

transfer the case to the Eastern District of Virginia.

**IV.      CONCLUSION**

For reasons stated here, Defendant's Motion to Dismiss on the grounds asserted therein

should be denied.

Respectfully submitted,

*/s/Donald M. Temple*
Temple Law Offices
Donald M. Temple, Esq.
2522 B Virginia Ave.
Washington, DC 20037
Tel: (202) 628-1101
Fax: (202) 628-1149
*Attorneys for Plaintiff*