IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH CREAR,            ) | |
| )| |
| Plaintiff,     ) | |
| ) | |
| v.            ) | Case No.  1:23-cv-3812 |
| ) | |
| AMERICAN AIRLINES GROUP INC.,   ) | |
| ) | |
| Defendant.    ) | |
| ) | |

# AMERICAN AIRLINES GROUP INC.'S REPLY BRIEF
# IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND
# OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

On April 29, 2024, Plaintiff filed both an Opposition to Defendant's Motion to Dismiss (Dkt. 12) and a Motion for Leave to file a Second Amended Complaint (Dkt. 13). Neither the Opposition nor the Proposed Second Amended Complaint (Dkt. 13-1) ("Proposed SAC") articulate a coherent basis for establishing jurisdiction over Defendant. Further, even if the Court had jurisdiction over Defendant, Plaintiff has failed to state a claim either in the operative Amended Complaint or in the Proposed SAC. Consequently, Defendant's Motion to Dismiss should be granted, and Plaintiff's Motion for Leave should be denied as futile.

## ARGUMENT

**I.    Plaintiff Has Failed To Articulate A Coherent Basis For Establishing Personal Jurisdiction Over Defendant.**

As the parties seem to agree, in order to establish personal jurisdiction, Plaintiff needs to demonstrate both jurisdiction consistent with constitutional due process, by showing either general or specific jurisdiction, as well as authorization under the D.C. Code. Plaintiff has shown none of these things. Consequently, the claims must be dismissed.

**A.    Standard of review.**

In its initial Memorandum, Defendant stated the applicable standard for evaluating a motion to dismiss which challenges personal jurisdiction under Rule 12(b)(2). (*See* Defendant's Memorandum in Support of its Motion to Dismiss ("Memo.") at 3.) As noted, on such a motion (i) the burden for establishing a factual basis that would justify personal jurisdiction lies with the plaintiff; and (ii) unlike a Rule 12(b)(6) motion, the Court is permitted to look outside the complaint in determining whether a plaintiff has met that burden. *See id.* (citing *Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014) and *Frost v. Catholic Univ. of Am.*, 960 F. Supp. 2d 226, 231 (D.D.C. 2013), *aff'd*, 555 F. App'x 6 (D.C. Cir. 2014)).

1

Despite this, Plaintiff's Opposition misstates the standard of review as that "a trial court must accept all facts asserted in the Complaint as true" and "disposition must be made based on the face of the complaint and matters of general public record only." (Opp. at 2-3.) These statements are incorrect as to a Rule 12(b)(2) motion.

Utilizing the proper review is crucially important because both Plaintiff's Amended Complaint and his Proposed SAC inaccurately allege that Plaintiff was a passenger on a flight from Las Vegas, Nevada to Washington, D.C. (Amended Complaint, ¶ 4; Proposed SAC ¶ 4). In fact, as stated in the Singleton Declaration, the reality is the relevant flight flew from Las Vegas to Reagan National Airport, <u>which is located in Virginia</u>. (Dkt. 7-1, ¶¶ 5-7.)[1]

To the extent Plaintiff's misstatement of the standard of review is an attempt to ask this Court to defer to his false allegations rather than the uncontradicted evidence, the Court must reject that request.

**B.   The Court does not have general jurisdiction over Defendant.**

Plaintiff's substantive discussion regarding personal jurisdiction is difficult to decipher and it is unclear whether he is even asserting that the Court has general jurisdiction over Defendant. (*See* Opp. at 3-4 (discussing general jurisdiction without explaining its application to the instant matter).) To the extent Plaintiff is making such a claim, that argument must be rejected.

The parties appear to agree that general jurisdiction would only exist if the District of Columbia were either the place of Defendant's incorporation, or the principal place of its business. (*See* Opp. at 4; Memo. at 3.) The parties further appear to agree that Defendant's principal place of business is in Texas. (*See* Dkt. 7-1 ¶ 4; Am. Compl. ¶ 3; Proposed SAC ¶ 3.) Likewise, it is

---

[1] Notably, Plaintiff did not (and cannot) submit any evidence to contradict the Singleton Declaration.

2

uncontested that Defendant is a Delaware corporation. (*See* Dkt. 7-1, ¶ 4.) It would therefore appear to be beyond question that general jurisdiction does not exist.

However, in the Opposition, Plaintiff mentions in his discussion of general jurisdiction that Defendant allegedly has a "National Lobbying office in the District of Columbia." This is not accurate. (*See* Exhibit 1 (Second Declaration of Develyn Singleton).) But, *even if it were accurate*, general jurisdiction is not created by the mere fact that a corporation has an office with some of its employes in a particular jurisdiction. *See, e.g., BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017); *Freedman v. SunTrust Banks, Inc.*, 139 F. Supp. 3d 271, 280 (D.D.C. 2015). For example, in *BNSF*, the defendant had "over 2,000 miles of railroad track and more than 2,000 employees in Montana" and yet there was no general jurisdiction, because Montana was neither the place of BNSF's incorporation nor where BNSF's headquarters were located. *See id.* Likewise in *Daimler*, the defendant operated "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine" and was "the largest supplier of luxury vehicles to the California market," but the Supreme Court found there was still no general jurisdiction. 571 U.S. at 123. Similarly, in *Freedman*, this Court rejected general jurisdiction over SunTrust bank, even though the bank maintained a physical business office, numerous mortgage branches that originated and carried out mortgage lender functions, and numerous employees in D.C. *See* 139 F. Supp. 3d at 279.

In the instant case, Plaintiff has not (and could not in good faith) asserted that Defendant's place of incorporation or its headquarters are located in D.C. — because they are not. Consequently, there is no general jurisdiction over Defendant.

### C. The Court does not have specific jurisdiction over this matter.

As previously noted, specific jurisdiction only exists when there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255, 264 (2017).

In light of the first Singleton Declaration, it is clear that the alleged events that make up Plaintiff's claims all occurred either: (i) on a plane during a flight from Las Vegas to Virginia; or (ii) on the plane after it had landed in Virginia. (*See generally* Amended Complaint; Dkt. 7-1, ¶¶ 5-7.) There is not a single alleged occurrence in the Amended Complaint that happened in D.C.

Despite providing four-pages of briefing related to specific jurisdiction, Plaintiff only provides a single sentence that actually explains the supposed connection between his claim and Washington, D.C.:

> In the immediate case, Plaintiff asserts that he travelled from Las Vegas to Washington, D.C. ("D.C") which inference made in his favor should show that he travelled to the District of Columbia and the ensuing injury occurred immediately following his travel to the District.

(Opp. at 5.)

But, contrary to the assertion, Plaintiff's flight was not destined to D.C., but rather to Virginia. Plaintiff is aware of this fact, and it is uncontroverted in this case. Because this Motion arises under Rule 12(b)(2), Plaintiff is not entitled to a false "inference" from his inaccurate allegations.[2]

---

[2] Moreover, it is troubling that Plaintiff seems to be asking the Court to improperly exercise jurisdiction over Defendant based on an allegation he and his counsel know to the be false. It is difficult to see how such argument is consistent with the obligations of FRCP 11 or D.C. R. Prof. Cond. 3.3.

4

Other than the acts that took place at National Airport in Virginia, there is no other alleged connection to D.C. in the Amended Complaint. Plaintiff, therefore, cannot establish specific jurisdiction.

**D.   D.C.'s Long-Arm Statute does not reach this case.**

*Even if* Plaintiff could establish specific jurisdiction, the case would still be subject to dismissal because jurisdiction is not authorized by a long-arm statute.

In his Opposition, Plaintiff claims jurisdiction is authorized under D.C. Code § 13-423(a), which states (emphasis added):

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, <u>as to a claim for relief **arising from** the person's</u> —
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia;
>
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
>
> (7) marital or parent and child relationship in the District of Columbia

5

Although Plaintiff cites this statute, he provides no coherent argument for why it would justify jurisdiction in this matter.  Plaintiff's claim does not *arise from* Defendant: transacting business in D.C.; supplying services in D.C.; causing tortious injury in D.C.; having property in D.C.; or having an insurance or familial relationship in D.C.

Plaintiff is not a resident of D.C.  His American Airlines flight did not take off or land in D.C.  He was not injured in D.C.  There is, quite simply, no connection between his claim and D.C.  Plaintiff's assertion to the contrary is without merit.

    **E.**    **The new allegations in the Proposed SAC would not alter the jurisdictional analysis.**

In the Proposed SAC, it appears Plaintiff's attempt to address the jurisdictional issues is limited to Paragraphs 2, 3, and 4, which added the following language (additions underlined):

> 2. Kenneth Crear ("Crear"), an African-American resident of Las Vegas, Nevada, is a well-established and prominent businessman in the entertainment and other business areas. <u>On the incident date herein, he was a passenger on American Airlines travelling to Washington D.C. for his niece's college graduation from a University located in the therein. Further, he briefly resided in the District following the immediate incident.</u>
>
> 3. Defendant, American Airlines Group, Inc., ("AAGI" or "American Airlines"), located at Skyview Drive, Fort Worth, TX 76155, operates, manages, and/or owns an Airline commonly called American Airlines. <u>It operates a legislative office in the District of Columbia Further, American Airlines engages in significant business in the District of Columbia where it sells tickets directly and through travel agents to thousands of D.C. residents and businesses and earns a substantial profit from its sales. It also operates a National Legislative Office in the District of Columbia.</u>
>
> 4. At 12:55 PM on May 6, 2021, Crear, a regular first-class passenger, boarded American Airlines Flight 2598 from Las Vegas <u>to Ronald Reagan Airport</u>, to Washington, DC. He was assigned seat 3B, an aisle seat in the third row of the first-class cabin.

The additional allegation in Paragraph 3 is similar to the allegation raised in the Opposition that Defendant has a "National Lobbying Office" in D.C.  As noted above, these allegations are

6

inaccurate— but even if they were true, it would not establish jurisdiction because: (i) having an office in a jurisdiction does not create general jurisdiction unless that office is the principal place of business, which Plaintiff does not claim; and (ii) there is no connection between any D.C. office and Plaintiff's alleged injuries that would create specific jurisdiction. Therefore, the proposed changes to Paragraph 3 are futile.

With regards to Paragraphs 2 and 4, as best as can be discerned, Plaintiff is attempting to allege jurisdiction based on the fact that *after* he deplaned and left the airport in Virginia, he travelled to D.C. where he "briefly resided." Even assuming the truth, such allegations do not change the analysis.

To the extent Defendant engaged in any conduct that would make it liable to Plaintiff, such conduct occurred in-flight or in Virginia. Likewise, to the extent Plaintiff was injured as he alleges, any such injury occurred either in-flight, or in Virginia. The mere fact that Plaintiff may have chosen to travel himself to D.C. after concluding his interaction with Defendant and leaving the Virginia airport, is simply irrelevant.

The Supreme Court case of *Walden v. Fiore*, 571 U.S. 277 (2014) is instructive. There, a DEA agent improperly seized cash from passengers at an Atlanta airport who the agent knew were about to board a plane to Nevada. After the cash was seized, the passengers travelled to Nevada where they eventually initiated suit against the agent. The Supreme Court found that, despite the fact that the agent *knew* the passengers were heading to Nevada, there was no jurisdiction in Nevada because the tortious conduct and injury occurred entirely in Georgia.

In other words, just like in *Walden,* Plaintiff's proposed allegation that he eventually travelled to D.C. from the Virginia airport would not create jurisdiction over Defendant in this Court. Consequently, his proposed amendments are futile.

**II.     Plaintiff Has Failed to State a Claim Against Defendant.**

   **A.     Plaintiff concedes Counts II and III of the Complaint should be dismissed.**

In its initial Memorandum, Defendant demonstrated that Counts II and III alleging violations of Title II and VI of the Civil Rights Act should be dismissed. (*See* Memo. at 6-10.) Plaintiff's Opposition offers no argument against dismissal. Therefore, both claims should be dismissed with prejudice.

   **B.     The Section 1981 claim must be dismissed.**

   1. <u>Plaintiff cannot state a Section 1981 claim based on the flight attendant's Mask Reminders.</u>

In its initial Memorandum, Defendant demonstrated that Plaintiff had failed to state a claim under Section 1981 for the Mask Reminders, because: (i) the alleged Mask Reminders were *required* by federal regulations; and (ii) Defendant could not violate Section 1981 simply by complying with those federal regulations. As best as can be discerned, Plaintiff does not address this argument at all. Consequently, this portion of his claim should be dismissed.

   2. <u>Plaintiff cannot state a claim based on the remaining conduct.</u>

In its Memorandum, Defendant demonstrated that the remaining alleged conduct (i.e. ending drink service and asking Plaintiff to briefly remain onboard the plane to discuss the incident with a supervisor) likewise do not state a claim under Section 1981 because Plaintiff cannot plausibly demonstrate that race was the "but for" cause of the alleged conduct. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Plaintiff's own allegations suggest he criticized and engaged in a verbal altercation with the flight attendant. He does not allege that any other passengers of different racial backgrounds behaved similarly. Consequently, there is an "obvious alternative explanation" for Defendant's conduct other than Plaintiff's race. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Again, Plaintiff does not appear to engage directly with this argument. Instead, he seems to simply argue in the abstract that he has pled enough to avoid dismissal. (*See* Opp. at 9-10.) However, because *Comcast Corp.* and *Iqbal* suggest otherwise, this portion of the claim should be dismissed as well.

**III.     There is No Basis for Plaintiff's Request for Jurisdictional Discovery.**

In his Opposition, Plaintiff requests jurisdictional discovery before dismissal of his claims. However:

> Jurisdictional discovery is justified if a party makes a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce. Jurisdictional discovery is not appropriate, however, in the absence of some specific indication regarding what facts additional discovery could produce.

*Bigelow v. Garrett*, 299 F. Supp. 3d 34, 47 (D.D.C. 2018) (cleaned up).

Plaintiff has not made a "detailed showing" of what discovery he would conduct or what he thinks it will produce. More damning to Plaintiff's request, it is difficult to imagine how such discovery would move the needle. As noted, Plaintiff seemingly admits Defendant's principal place of business is in Texas, and he does not challenge that Defendant's place of incorporation is Delaware. Therefore, the only way to establish jurisdiction would be to show a connection between the claim at issue and the District of Columbia. But, no amount of jurisdictional discovery can change the fact that Plaintiff's flight did not take place in D.C., and as a consequence there is no connection between the claim and the District of Columbia.

Consequently, Plaintiff's request for jurisdictional discovery should be denied.

**CONCLUSION**

For the reasons stated above and in its initial memorandum, Plaintiff's claims should be dismissed both because the Court lacks personal jurisdiction over Defendant and because Plaintiff

9

has failed to state a claim.  Furthermore, because the proposed Second Amended Complaint is futile as to personal jurisdiction, Plaintiff's Motion for Leave to Amend should be denied.

Dated: May 13, 2024

Respectfully submitted,

    /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2024 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will serve the foregoing upon:

> Donald M. Temple, DC Bar No. #408749
> DONALD M. TEMPLE, P.C.
> 1310 L Street, NW
> Suite 750
> Washington, D.C. 20005
> Telephone: (202) 628-1101
> Facsimile: (202) 628-1149
> Email: dtemplelaw@gmail.com
> *Counsel for Plaintiff*

      /s/ Micah E. Ticatch
Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Group, Inc.*